UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KATRINA RACENE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| ANDREW SAUL, | )  Cause 1:19-CV-195 RLM |
| COMMISSIONER OF THE | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Katrina Racene Johnson has filed a *pro se* complaint against the Commissioner of Social Security. The complaint alleges that she was discriminated against when her disability benefits claim was denied. Ms. Johnson advances this claim under 42 U.S.C. § 1983 and the government now moves to dismiss it. Ms. Johnson hasn't responded to the government's motion. For the reasons that follow, the court grant's the government's motion to dismiss Ms. Johnson's §1983 claims.

I. BACKGROUND

On July 5, 2015 Ms. Johnson filed a claim for disability benefits. An administrative law judge found Ms. Johnson not disabled and the Appeals Council subsequently denied Ms. Johnson's request for review of that decision, making it final. On May 2, 2019 Ms. Johnson filed this pro se complaint alleging

"discriminatory litigation by the Commissioner of Social Security, [sic] on the basis of her creed, age, or race" under 42 U.S.C. § 1983. The government now moves to dismiss these claims and proceed as if Ms. Johnson's complaint was made pursuant to the Social Security Act, which gives this court the traditional authority to review her benefit denial under 42 U.S.C. § 405(g).

## II. LEGAL STANDARD

The Commissioner moves to dismiss Ms. Johnson's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not decide its merits." Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). For a complaint to be sufficient it must state a "plausible" claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must also comply with Fed. R. Civ. P. 8 by providing "a short and plain statement of a claim showing that the pleader is entitled to relief" so that the defendant has "fair notice of what the […] claim is and the grounds for which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); Ashcroft v. Iqbal, 556 U.S. at 678 ("the pleading standard Rule 8 […] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

The court must read the complaint's claims in the light most favorable to the plaintiff, and accept all factual allegations as true. Tamayo v. Blagojevich, 526

F.3d 1074, 1081 (7th Cir. 2008). The court must also draw all reasonable inferences the plaintiff's favor. Barnes v. Briley, 420 F.3d 673, 677 (7th Cir. 2007); Bielanski v. County of Kane, 550 F.3d 632, 633 (7th Cir. 2008).

Dismissal of a claim is only appropriate when it is "clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." Parungao v. Cmty. Health Sys., Inc., 858 F.3d 452, 457 (7th Cir. 2017). As long as the complaint raises the possibility of relief beyond a "speculative level" it will survive dismissal. E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic v. Twombly, 550 U.S. at 558.

III. Discussion

Ms. Johnson argues that the Commissioner discriminated against her on the basis of her creed, age, or race in the denial of her disability benefits in violation of 42 U.S.C. § 1983. Regardless of the merits of Ms. Johnson's argument, she hasn't stated a cognizable claim for which relief could be granted. 42 U.S.C. § 1983 only applies to state actors and not federal agencies. Askew v. Bloemker, 548 F.2d 673 (7th Cir. 1967). Ms. Johnson doesn't offer any supporting material that could argue the extension of 42 U.S.C. § 1983 to the Social Security Administration, a federal agency. Her claim for disability benefits were denied

under the Social Security Act, and not under any state law. Even if this court were to extend 42 U.S.C. § 1983 to federal agencies, Ms. Johnson has provided nothing to support her discrimination claim and has only attached information relevant for a traditional review of her benefit denial under 42 U.S.C. § 405(g).

A civil suit under the Social Security Act is the proper avenue to challenge the denial of Ms. Johnson's disability benefits. Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000). Accordingly, the court will construe her complaint as arising under the Social Security Act and proceed accordingly.[1]

CONCLUSION

For the foregoing reasons, the court GRANTS the defendants' motion to dismiss the 42 U.S.C. § 1983 claims against it [Doc. No. 8]. The Clerk shall enter judgment accordingly.

SO ORDERED

ENTERED:  August 1, 2019

 /s/ Robert L. Miller, Jr.
Judge, United States District Court

---

[1] The Commissioner has already proceeded as if Ms. Johnson's complaint was made under the Social Security Act by filing an answer [Doc. No. 10] and the administrative record [Doc. No. 12]. The court has jurisdiction to continue its review of Ms. Johnson's benefit denial under 2 U.S.C. § 405(g).